*In re:* HARVEY B. NACHMAN and STANLEY L. FELDSTEIN.

No. O-69-94.     Decided April 7, 1970.

*J. F. Rodríguez Rivera, Deputy Solicitor General, Gerardo Méndez Correa, Special Prosecuting Attorney, Dolores Ruiz Zambrana,* and *Héctor R. Orlandi Gómez, Assistant Solicitors General,* for The People. *Alvaro R. Calderón, Jr., Francisco A. Rosa Silva, Alberto Picó,* and *Ramón Vargas* for respondents.

### ORDER

At the close of the evidence of the Solicitor General in support of the charges, the respondents moved for the dismissal of the complaint.

The Court, after considering the evidence in the record, concludes that the evidence is not sufficient to support the charges, and orders the dismissal of the complaint.

It is so agreed by the Court and certified by the Clerk.

Mr. Chief Justice Negrón Fernández and Mr. Justice Blanco Lugo did not participate herein.

Mr. Justice Pérez Pimentel, Mr. Justice Rigau, Mr. Justice Dávila, and Mr. Justice Ramírez Bages will submit their opinions in writing.

Mr. Justice Hernández Matos and Mr. Justice Santana Becerra reserve the right to express opinions if they deem it proper.

                              (s)  JOAQUÍN BERRÍOS
                                   *Clerk*

—O—

Separate opinion of MR. JUSTICE RIGAU.

San Juan, Puerto Rico, April 7, 1970

On December 6, 1967, the United States District Court for the District of Puerto Rico, commonly known here as the

Federal Court, issued the following order which speaks for itself:

"ORDER

"On May 9, 1966 the United States Attorney and the then Assistant United States Attorneys filed a request, in their individual private capacities, albeit on official stationery of their office, with the Supreme Court of Puerto Rico, requesting that the attorneys mentioned in the caption be investigated for unprofessional conduct. The Supreme Court of Puerto Rico referred the matter to the office of Procurador General (Solicitor General) of the Commonwealth of Puerto Rico, for investigation. On January 18, 1967, the matter was returned to the Supreme Court, after investigation. On October 31, 1967 the Supreme Court entered a resolution referring the matter here inasmuch as all of the alleged misconduct related to matters that were tried in the United States District Court for the District of Puerto Rico.

"The United States Attorney has been directed to file a complaint specifying the charges of misconduct alleged to have been committed. No such charges have been filed within the time limit granted by this Court. Upon the Court's perusal of the record, it is not surprising that no charges have been filed because the witnesses' allegations appear not to be based upon any credible evidence of unprofessional acts. No charges having been formulated, the Court hereby dismisses any and all proceedings against said attorneys in this Court.

"A copy of this Order shall be sent to the Honorable Judges of the Supreme Court of the Commonwealth of Puerto Rico in compliance with their request."

On April 11, 1969, this Court, having already knowledge of the above-copied order of the Federal Court, divided 5 to 4, ordered the Solicitor General to file a complaint against attorneys Nachman and Feldstein. Mr. Chief Justice, Mr. Justice Hernández Matos, Mr. Justice Santana, and the undersigned dissented from that order, understanding that the filing of the complaint was not justified. I recognize that if some of the testimonies which were introduced before the Solicitor General, in the absence of respondents and without the latter having at that time the opportunity of confrontation and

cross-examination are taken prima facie, some justices may have deemed that it was proper to order the filing of the complaint.

The Solicitor General filed the complaint on April 30, 1969 and this Court held a hearing on this case during the days of March 31 to April 2, 1970. Today, this Court, with the unanimous vote of the seven justices who intervened, has finally decided to grant the motion to dismiss filed by the defense after hearing the evidence for the prosecution and before hearing the evidence for the defense.

What the evidence established was that attorneys Harvey B. Nachman and Stanley L. Feldstein are competent, hardworking and considerate with their clients. It is a pity that said lawyers have had to suffer for the long period of four years the annoyances, expenses, and the great and incalculable anguish of having been submitted to this proceeding.

—O—

Separate opinion of MR. JUSTICE PÉREZ PIMENTEL, in which MR. JUSTICE RAMÍREZ BAGES and MR. JUSTICE TORRES RIGUAL, concur.

San Juan, Puerto Rico, April 28, 1970

I maintain that the evidence which this Court considered in ordering the Solicitor General to file a complaint against attorneys Feldstein and Nachman was sufficient to support the charges with which they were charged. The sworn statements given by Alfredo Viana Reyes, Félix Martínez, and Edgar Irizarry, established it thus. A just, judicious, impartial, and dispassionate exercise of its duties, imposed on this Court the legal and moral obligation of ordering the complaint.

However, the testimony rendered by these witnesses during the hearing of the case having been analyzed and its probative force having been weighed, in considering the other

evidence, oral as well as documentary, introduced by the Solicitor General, a serious doubt comes to my mind as to the truth of the facts charged, and for that reason I have voted in favor of the dismissal of the complaint.

—O—

Separate opinion of MR. JUSTICE SANTANA BECERRA, in which MR. JUSTICE HERNÁNDEZ MATOS and MR. JUSTICE DÁVILA, concur.

San Juan, Puerto Rico, April 28, 1970

I shall not refer to the merits of the issue. I stated my view on its merits, on the facts as well as on the applicable law in the light of the instant facts, in my opinion of May 26, 1969.

The experience had led me to state these other considerations:

I believe that the Bar Association should unfold and exercise a greater intervention in cases of disciplinary action of its members, particularly in those cases in which the conduct involved is only in connection with an alleged violation of the Canons of Professional Ethics adopted by the Bar itself, contrary to deceitful acts, immoral conduct, and commission of offenses determined by the Act concerning the practice of law.

With even more reason that intervention should exist if, as in the instant case, the alleged anti-professional conduct is connected with the *procurement* of litigious matters, conduct whose divisory line between the permissible and not permissible is uncertain, imprecise, and vague; and in the absence, also, of standards and guidelines previously established by the Bar, which adequately inform the members where the ethical ends and where the reprehensible begins.

The Bar Association, with its compulsory affiliation, is a quasi-public and quasi-official organization, created and structured by an Act of the Legislature. Insofar as the practice of

the law profession is concerned, the functions of the Bar are invested with the same public interest which justifies that the practice of the profession be regulated by the State.

Act No. 43 of 1932, which created the Bar Association, imposed on it—§ 13—the duty (1) to cooperate in the improvement of the administration of justice; (2) render such reports and give such advices as "the Government may require of it"; (3) *to defend the rights and immunities of lawyers and to procure their enjoyment in the courts of the "liberty necessary" for the "proper exercise" of their noble profession;* (4) to promote fraternal relations among its members; and (5) to maintain healthy and strict professional morals among the members.

Among the powers granted by law to the Bar Association, there is the one "to adopt and establish" with the approval of the Supreme Court the "rules" of professional ethics that shall govern the conduct of lawyers. Also, to receive and investigate complaints on the conduct of members—§ 2—and to perform the preliminary proceedings with the intervention of the interested party, to determine or not a cause of action.

If the Bar Association had intervened and if those preliminary proceedings which the Act of its creation provides had been carried out before the same, with intervention of the respondent attorneys and with opportunity of facing the accusers in that initial stage, probably they would not have suffered the anxiety of a disciplinary process ordered, under the prevailing system, on the basis of sworn statements taken in the absence of respondents and without the latter having the opportunity, at that time, of confrontation and cross-examination.

I believe that it is a duty of the Bar Association to exercise, in a superlative degree, that power granted by law for the protection of the member against charges which, in some cases may answer to motivations that are not precisely a great

zeal for the purity of the practice of law as well as for the protection of that purity.

If it were necessary, the Act should be amended to establish in the midst of the Bar Association the proper quasi-judicial organism to take cognizance in first instance of these situations, without detriment, of course, of the final intervention which might correspond to the Supreme Court, in one effect or the other, about the decisions of that organism.

—O—

Separate opinion of MR. JUSTICE DÁVILA.

San Juan, Puerto Rico, April 28, 1970

With the same objectiveness and the same naive spirit with which I voted for the filing of the complaint in this case, because I understood that the Solicitor General's report thus justified it,[1] I have voted for the dismissal of the charges filed, although technically there is a principle of evidence to support

---

[1] See the sworn statements given by (1) Alfredo Viana Reyes, before Mr. José F. Rodríguez Rivera, Deputy Solicitor General, and Mrs. Lolita Miranda Escudero, Assistant Solicitor General, on September 19, 1966; (2) Félix Martínez Díaz, before Mr. José F. Rodríguez Rivera, Deputy Solicitor General, on August 11, 1966, and (3) Edgar Irizarry, before Mr. José F. Rodríguez Rivera, Deputy Solicitor General, and Mr. Manuel Tirado Viera, Assistant Solicitor General, on September 9, 1966. These witnesses established prima facie during the stage of investigation the essential elements of the reprehensible practice proscribed by Canon 28 of the Canons of Professional Ethics. See, Serrano Geyls, *Los Perseguidores de Ambulancias*, 23 *Rev. C. Abo. P.R.* 305 (1963), Annot., *Ambulance Chasing*, 30 N.Y.U.L. Rev. 182 (1955). Witness Viana Reyes testified that attorneys Nachman and Feldstein undertook his representation without his authorization. Witness Edgar Irizarry—respondents' paid investigator—stated in his testimony that he acted on Nachman and Feldstein's order; that "at the State Insurance Fund the information was obtained and we went to visit them [the workers] . . . afterwards we visited the clients, those suffering from bagassosis, as well as dock workers. I would talk to them to obtain the case." And Félix Martínez stated, referring to respondents, that "since the very beginning they told me that they were looking for cases of admiralty, as they called them, to take cases concerning ship accidents to the courts.", These two last witnesses extended themselves in details that ratify those previously transcribed.

them, since the introduction of respondents' evidence would not lead to any practical end, taking into consideration that the oral evidence alleged to support the complaint has lost its greatest probative force after meeting the respondents face to face.

I have always understood that the rules of ethics which govern the conduct of the lawyers who practice in Puerto Rican courts are established by the Supreme Court of Puerto Rico, and that this is the Court which has the responsibility of seeing that the same are observed.[2]

It is not superfluous to indicate that in this case, as in all cases, my conscience as judge answers solely to the consideration of the evidence introduced and not to considerations extraneous to the judicial function. If an example therefrom were needed: my attitude during the hearing and decision of this issue.

—O—

MR. JUSTICE RAMÍREZ BAGES, concurring.

San Juan, Puerto Rico, April 28, 1970

In view of the fact that the evidence adduced by the Solicitor General has not convinced me that respondents requested, promoted, or transacted personally or through their investigators, the filing of actions in the District Court of the United

---

[2] In referring the record of attorneys Nachman and Feldstein to the United States District Court for Puerto Rico, it was made clear that it was "without prejudice to any further consideration which this Court may give to this matter." Below, the text of the order:

"After examining the record, and because the professional actions to which the same refers are related to judicial matters under the jurisdiction of the federal forum, it is hereby ordered that said record be submitted to the United States District Court for Puerto Rico for the purposes that said court may deem pertinent and without prejudice to any further consideration which this Court may give to this matter.

"It was so agreed by the Court as witnesses the signature of the Chief Justice. Mr. Justice Pérez Pimentel, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages stated that they did not agree to refer said matter to the Federal Court. Mr. Justice Belaval did not participate."

States for Puerto Rico in the name of workers who worked aboard ships and other workers injured in the course of their work, but that, on the contrary, from said evidence, it may be inferred that the filing of such actions was entrusted to respondents by union transactions or by fellow workers, I agree that respondents' motion, requesting the dismissal of the complaint as to the charges filed against them in this proceeding with respect to the cases of said workers, should be granted and that respondents should be acquitted of such charges.

The evidence introduced by the Solicitor General concerning the charge of requesting, promoting, and transacting the filing of judicial actions in benefit of a number of workers from Arecibo, who contracted the disease known as bagassosis in the discharge of their jobs, was conflicting. Said charge was not supported by substantial evidence which would clearly establish a reproachable conduct on the part of respondents. By virtue thereof I agree that the said motion should also be granted in connection with this charge and that respondents should be acquitted of the same.

It is my firm conviction, however, that the majority of the Court had sufficient grounds, as Mr. Justice Pérez Pimentel and Mr. Justice Dávila indicate, to order the filing of the complaint in this case.